UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 15, 2014

MEMO TO COUNSEL RE:   Dorothy Buchhagen, Ph.D. v. ICF International, Inc.
Civil No. JFM-12-2470

Dear Counsel:

I have reviewed the memoranda submitted in connection with plaintiff's motion to compel. The motion (document 53) is denied, except that defendants are ordered to provide certain identifying information concerning documents they are withholding on the ground of privilege.

The reasons for my ruling are as follows.

1. Defendants' responses to interrogatories 3, 7, 11, 17, 18, 19, and 21 are sufficiently complete. To the extent that other judges have ruled that interrogatory answers must provide every detail requested by the interrogatory, I disagree with them. Discovery is not an end in itself. Rather, it is a means by which a party may obtain information about its adversary's evidence in support of its positions. To require detailed responses to every interrogatory may, as in this case, cause the incurrence of costs disproportionate to the amount in controversy. To the extent that plaintiff wanted more details, she was free to take depositions of the persons identified in the response to the interrogatory (as I understand she did).

2. Interrogatory 15 is, in effect, twelve separate interrogatories, and it is objectionable.

3. Interrogatory 29 is, in effect, a series of interrogatories based upon plaintiff's requests for admission, and it is objectionable.

4. Request for production 10. Defendants state that they will make available for inspection and copying all the requested emails that are not privileged. To the extent that defendants are withholding any emails on the basis of privilege, they should submit a privilege log, identifying all withheld emails by date, author, and recipient.

5. Request for production of documents 28. Defendants state that they will make

      available for inspection and copying all the requested emails that are not privileged.  To the extent that defendants are withholding any emails on the basis of privilege, they should submit a privilege log, identifying all withheld emails by date, author, and recipient.

6.      Request for production 29.  The request seeks attorney work product information, and it is objectionable.  Defendants state that they will make available for inspection and copying all the requested emails that are not privileged.  To the extent that defendants are withholding any emails on the basis of privilege, they should submit a privilege log, identifying all withheld emails by date, author, and recipient.

In sum, plaintiff's motion to compel is denied in all respect except that defendants should properly identify the documents they are withholding on the ground of privilege.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                         Very truly yours,

                                         /s/

                                         J. Frederick Motz  
                                         United States District Judge