IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOROTHY L. BUCHHAGEN | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-2470 |
| | * | |
| ICF INTERNATIONAL, INC. | * | |

\*\*\*\*\*\*

**MEMORANDUM**

On December 21, 2012, I granted a motion to dismiss this action filed by plaintiffs. My ruling was reversed by the Fourth Circuit, and the case was remanded. Discovery has now been completed, and defendants have moved for summary judgment. The motion will be granted.

In order to establish a *prima facie* case for age discrimination and retaliation – the claims asserted by plaintiff – plaintiff must establish, *inter alia*, that at the time of the disciplinary actions of which she complains, she was meeting the legitimate expectations of her employer. *See Kess v. Municipal Employees Credit Union of Baltimore, Inc.*, 319 F. Supp. 2d 637, 648 (D. Md. 2004). If a plaintiff succeeds in setting forth a *prima facie* case, she must then prove that the reasons for the disciplinary action taken against her were pretextual. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 267-68 (4th Cir. 2005). In this case plaintiff has not established that she was meeting the legitimate expectations of her employer or that the reasons given for the termination of her employment were pretextual.    Plaintiff performed tasks under a contract Lockheed Martin held with the Office of Cancer Content Management of the National Cancer Institute. Specifically, plaintiff was responsible for searching and writing content for the Dictionary of Cancer Terms (Glossary), for NCI's website. Plaintiff was interviewed and hired by Dr. Deborah Beebe, the project manager on the contract, when she was

64 years old. Plaintiff was to work part time (30 hours per week) at a rate of $35.25 per hour. By plaintiff's own admission (Amended Complaint, paragraph 80), she objected to being supervised by someone younger than she whom she believed lacked experience. Plaintiff received salary increases from Lockheed Matin.

In June 2009, NCI awarded the contract under which plaintiff was working to defendant ICF Z-Tech, Inc. Z-Tech is a division of ICF International, Inc., the other defendant. ICF offered plaintiff a position as "glossary manager/senior associate" at her then current salary of $39.12. The person with whom plaintiff had been working accepted a position at the National Cancer Institute, and Dr. Beebe (who also was hired by ICF) promoted plaintiff to the position of Manager of Glossary/Multimedia. Plaintiff was then 67 years of age. Plaintiff's salary was raised to $60.00 per hour, a rate agreed to by Dr. Beebe. Plaintiff's salary was higher than Dr. Beebe's.

Plaintiff's work at Lockheed Martin had been excellent and her skills in writing terms for the glossary was never questioned by ICF. Her relationship with Dr. Beebe deteriorated, however. At a meeting held on October 12, 2009, Dr. Beebe, according to an allegation made by plaintiff, became "livid," and, according to plaintiff's notes of the meeting, plaintiff "then realized that she (Dr. Beebe) was furious because I had gotten the raise. I also then realized that she would be finding an excuse to terminate me."

To the extent that plaintiff's claims focus upon Dr. Beebe, her own notes seem to belie the assertion that she was discriminated against because of her age. In any event, incidents that occurred thereafter gave Dr. Beebe, Dr. Beebe's supervisor, and members of ICF's human resources staff reason to believe that plaintiff – despite her acknowledged skills in writing terms for the Glossary – had become an insubordinate employee. First, plaintiff's failure to

accept any responsibility for the failure to insert successfully a Spanish hysterectomy image caused Dr. Beebe to lose trust in her. Second, plaintiff's resistance to the concept of having other persons back up her work – an idea suggested by Dr. Margaret Beckwith, the program officer at the Office of Cancer Content Management - properly gave defendants concern. Third, a series of emails that plaintiff sent to Dr. Beckwith reasonably were read by defendants as involving their client in an internal personnel matter. Fourth, plaintiff's announcing that she would take unapproved leave after having been given an Unacceptable Conduct Memo provided defendants with cause to believe, as one member of its human resources staff articulated, that they were dealing with a "disgruntled employee" whose continued presence on the job was detrimental.

In sum, there is no evidence to suggest that defendants discriminated against plaintiff because of her age or that plaintiff has been able to demonstrate either that she was meeting the legitimate expectations of ICF or that the reasons ICF articulated for the termination of her employment were pretextual. This case provides an unfortunate example of an employee who, though talented, came to believe that she was indispensible because of her experience. In effect, plaintiff seeks to turn the ADEA on its head by arguing that her age and experience gave her the right to work on her own, unsupervised and without the back-up her employer thought was essential. The ADEA is intended to prevent discrimination based on age, not to confer increased status upon those who become older.

A separate order granting defendants' motion is being entered herewith.

Date: 2/18/15

J. Frederick Motz
United States District Judge

BY_____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2015 FEB 18 AM 11:39
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED